## THE ST. JOHN.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 131.   Argued March 6, 1872. — Decided April 1, 1872.

On a question purely of fact the court finds the St. John in fault, and decrees accordingly.

THE case is stated in the opinion.

MR. JUSTICE BRADLEY delivered the opinion of the court.

Abraham E. Hasbrouck, the libellant in this case, was the owner of a barge called the Ulster County, which was sunk in the Hudson River near West Point, on the 20th November, 1864, by collision with the steamer St. John, whilst said barge was in tow of the steam propeller Pluto.   The libel was filed against the steamer to recover damages for the injury sustained.   The St. John was a large passenger steamer, on her downward trip from Albany to New York; the Pluto was moving up the river with the barge Ulster County lashed to her larboard side, and another barge to her starboard side, and a canal boat astern of the latter.   The collision took place about three o'clock in the morning in a clear moonlight night.   At West Point there is an abrupt bend in the Hudson River, making nearly a right angle.   Below this bend its course is southerly; above it, proceeding up the river, it is westerly for nearly a mile, and then northerly.   The Pluto with her tows was still below the point, proceeding slowly up the river, nearer to the eastern than to the western shore, when the St. John was discovered up the western reach of the river.   The St. John blew two whistles, signifying that she would go to the

left or eastward of the Pluto. The men on the Pluto say that the signal was answered by two whistles on their part, and that the helm was put to starboard accordingly, turning the head of the Pluto more to the west. The collision took place directly off West Point, at the abrupt bend of the river, about the middle of the channel. The St. John struck the larboard bow of the barge Ulster County, and cut into her about ten feet. The witnesses for the libellant, the pilot and others, say that when the St. John approached them, she seemed to sheer to the west, and thus ran into the tow. This is denied on the other side.

On the part of the St. John it is testified by the pilot and wheel-man that they discovered the light of the Pluto below West Point, over the land, as they, the St. John, rounded Magazine Point, where the river turns to the east; and that they kept the helm of the St. John hard astarboard until the collision occurred, thus keeping up all the time a sheer to the eastward. This could not have been so, for it would have carried the St. John to the east side of the channel; whereas it is conceded that the collision occurred in about mid-channel. The St. John selected her own course; instead of going to the right of the Pluto, as is usual, she concluded to go to the left, miscalculating the precise position of the Pluto, and supposing her to be nearer to the western shore than she was. Having selected her course, the St. John ought to have kept far enough to the eastward, or left, to be sure of avoiding a collision. Instead of this, she kept in the middle of the channel, evidently expecting the propeller to keep out of her way. In rounding the point she hugged too near, and did not give the Pluto a chance to get inside of her.

The case is purely one of fact, and it can serve no instructive purpose to review the evidence in detail. We have carefully examined it, and are satisfied that the result reached by the District and Circuit Courts was correct.

*The decree of the Circuit Court is affirmed, with interest on the amount.*

*Mr. Charles Jones* for appellant.

*Mr. C. Donohue* and *Mr. C. Swan* for appellee.